FILED
2015 May-28  PM 04:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| RAFAEL ALBERTO LLOVERA LINARES, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:14-CV-00728-KOB-SGC |
| | ) |
| DEPARTMENT OF HOMELAND SECURITY, et al., | ) ) ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Rafael Alberto Llovera Linares, proceeding *pro se*, filed an amended complaint pursuant to 42 U.S.C. § 1983, alleging state officials violated his First Amendment right to the free exercise of his religion during his detention in the custody of U.S. Immigration and Customs Enforcement ("ICE") at Etowah County Jail in Gadsden, Alabama. (Doc. 22). The plaintiff names as defendants the "Director . . . of the Nutritional Services in the Etowah County Jail (John Doe 1)," the "Officer in Charge of the Programs and Services in the Etowah County Jail (John Doe 2)," the "Chaplain of the Etowah County Jail (John Doe 3)," and Scott Hassell, the administrator of the jail. (*Id.* at 7-9). The plaintiff demands monetary damages and injunctive relief. (*Id.* at 10-11). In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the amended complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

1

## I. <u>Standard  of Review</u>

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 804, 110 Stat. 1321, 28 U.S.C. § 1915A, requires a court to screen complaints filed by prisoners against officers or employees of governmental entities and dismiss complaints or portions of complaints it determines are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant immune from such relief. Where practicable, a court may *sua sponte* dismiss a prisoner's complaint prior to service.  *See* 28 U.S.C. § 1915A(a).

A dismissal pursuant to § 1915A(b)(1) for failure to state a claim is governed by the same standards as a dismissal for failure to state a claim under Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.  *See Jones v. Bock*, 549 U.S. 199, 215 (2007).   To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).   A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nonetheless, because "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys[,]" they are liberally construed.   *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).

## II. <u>Factual Allegations</u>

The plaintiff is a Sephardic Orthodox Jew.  (Doc. 22 at 1).  He arrived at Etowah

County Jail on March 16, 2014.  (*Id.* at 2).  The next day, he requested the jail serve him a kosher diet.  (*Id.*).  However, he came to learn the purported kosher meals served at the jail were not prepared or served in accordance with kosher laws or the regulations of the Federal Bureau of Prisons (the "BOP").  (*Id.* at 2-3).[1]  A Jewish detainee informed the plaintiff the purported kosher meals served at the jail were not always, in fact, kosher. (*Id.* at 4).

On or about March 19, 2014, the plaintiff expressed to John Doe 3, the jail's chaplain his concerns regarding the preparation and service of kosher meals at the jail. (*Id.* at 3).  He also asked the chaplain about accommodations for Sabbath services and the observance of Jewish holy days, as well as whether the jail could provide access to a rabbi at least once per month.  (*Id.*).

On March 22, 2014, the plaintiff filed a grievance in which he complained the purported kosher meals served at the jail were not prepared or served in accordance with kosher laws or BOP regulations and he could not practice his religion at the jail because it offered no Jewish services.  (*Id.*).  He demanded to receive proper kosher meals, as well as a weekly visit from a rabbi.  (*Id.* at 3-4).

On March 27, 2014 and April 7, 2014, the plaintiff filed additional grievances in which he repeated the complaints and requests made in his grievance dated March 22, 2014.  (*Id.* at 4-5).  In his grievance dated April 7, 2014, the plaintiff also requested specific meals for Passover.  (*Id.* at 5).

---

[1] The plaintiff claims the regulations applicable to federal detainees should apply to him because he is in ICE custody.  (*Id.* at 2).

3

The plaintiff alleges that as of September 4, 2014, the day he signed his amended complaint, the jail was not serving him kosher meals prepared in accordance with kosher laws and BOP regulation, nor had he received any response to his grievances.   (*Id.*). Rather, according to the plaintiff, the jail was serving him the same meals served to the jail's general population.   (*Id.* at 5-7).   The plaintiff also alleges the jail lacks accommodations for Sabbath services and Jewish holy days.   (*Id.* at 6).   Finally, the plaintiff alleges the jail does not provide access to a rabbi or religious materials such as the Torah.   (*Id.*).

### III.  Analysis

### A.  Claims on Behalf of All Jewish Detainees

The plaintiff purports to bring the claims asserted in this action on behalf of himself and all other Jewish detainees held in ICE custody at the Etowah County Jail presently or in the future.   (*Id.* at 1-2).   A plaintiff "has standing to seek redress for injuries done to him, but may not seek redress or injuries done to others."   *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 166 (1972).  Moreover, it would be clear error to allow the plaintiff to bring this suit on behalf of other detainees.  *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) ("While a non-attorney may appear pro se on his own behalf, '[he] has no authority to appear as an attorney for others than himself.'")).   The plaintiff has not alleged facts establishing he has standing to bring claims on behalf of other Jewish detainees held in ICE custody at the jail presently or in the future, and he is

4

not authorized to represent them.   Accordingly, the claims the plaintiff purports to bring on behalf of these persons are due to be dismissed for failure to state a claim on which relief may be granted.

**B.  <u>Injunctive Relief</u>**

On October 8, 2014, the plaintiff notified the court he had been transferred from Etowah County Jail to LaSalle Detention Facility in Trout, Louisiana.  (Doc. 25).   On January 26, 2015, the plaintiff notified the court he had been transferred from LaSalle Detention Facility to Krome Detention Center in Miami, Florida.  (Doc. 31).  Because the plaintiff is no longer housed at Etowah County Jail, where the alleged events giving rise to his claims occurred, he no longer has standing to seek injunctive relief.  "Absent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred." *Wahl v.* McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (citing *Dudley v. Stewart*, 724 F.2d 1493, 1494-95 (11th Cir. 1984)).   "Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury."  *Dudley*, 724 F.2d at 1494; *see also O'Shea v. Littleton*, 414 U.S. 488, 493-95 (1974).   For these reasons, the plaintiff's request for injunctive relief is due to be dismissed as moot.

**C.  <u>First Amendment Exercise of Religion</u>**

Inmates retain their first amendment rights, including the right to the free exercise of their religion, to the extent these rights are not inconsistent with their status as inmates

or the legitimate penological objectives of the corrections system.  *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987).   However, the plaintiff need not be provided his preferred means of practicing his religion, and prison officials are afforded latitude in the management of prison affairs.  *Id.* at 349-52.   All that is required of the prison administration is that the plaintiff be afforded "'reasonable opportunities'" to practice his chosen religion.  *Hudson v. Palmer*, 468 U.S. 517, 523 (1984) (quoting *Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972)).

The plaintiff claims the defendants interfered with his right to the free exercise of his religion in three ways.  (Doc. 22 at 6-7).   First, the plaintiff claims the jail did not serve him kosher meals but rather the same meals served to the jail's general population, despite his request for a kosher diet.  (Doc. 22 at 7).   The plaintiff also claims he requested, but was not provided, specific meals for Passover.  (*Id.* at 6-7).   Second, the plaintiff claims the jail did not accommodate Sabbath services or the celebration of Jewish holy days.  (*Id.*).   Finally, the plaintiff claims the jail did not provide access to a rabbi or religious materials such as the Torah.  (*Id.* at 7).   These allegations raise sufficient questions to prevent dismissal at this stage of the proceedings.   Therefore, it will be recommended that the defendants be directed to respond to the plaintiff's claims.

## IV. <u>Recommendation</u>

For the foregoing reasons, the undersigned **RECOMMENDS** that the claims the plaintiff purports to bring on behalf of other Jewish detainees held in ICE custody at the Etowah County Jail presently or in the future be **DISMISSED** pursuant to 28 U.S.C. §

1915A(b) for failure to state a claim on which relief may be granted.   The undersigned further **RECOMMENDS** that the plaintiff's request for injunctive relief be **DISMISSED** as **MOOT**.   Finally, the undersigned **RECOMMENDS** that the plaintiff's claims the defendants violated his First Amendment right to the free exercise of his religion be **REFERRED** to her for further proceedings.

### V.  Notice of Right to Object

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court.  **Any objections to the failure of the magistrate judge to address any contention raised in the petition also must be included.**  Failure to do so will bar any later challenge or review of the factual findings of the magistrate judge, except for plain error.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013).

To challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections specifically identifying portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.  Furthermore, it is not necessary for a party to repeat legal arguments in objections.  A copy of the objections must be served on all other parties to the action.

On receipt of objections meeting the foregoing specificity requirement set out

above, a district judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part the findings or recommendations made by the magistrate judge.   The district judge, however, need conduct a hearing only in his or her discretion or if required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.   The district judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.   Objections not meeting the foregoing specificity requirement will not be considered by a district judge.

A party may not appeal a magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.   Appeals may be made only from a final judgment entered by or at the direction of a district judge.

**DONE** this  28th day of May, 2015.


STACI  G.  CORNELIUS
U.S. MAGISTRATE  JUDGE

8