FILED

2015 Jun-25  PM 04:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| RAFAEL ALBERTO LLOVERA LINARES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 4:14-cv-00728-KOB-SGC |
| | ) | |
| DEPARTMENT OF HOMELAND | ) | |
| SECURITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF DISMISAL

The magistrate judge entered a report on May 28, 2015, recommending the claims the plaintiff purported to bring on behalf of Jewish detainees held in the custody of U.S. Immigration and Customs Enforcement ("ICE") at Etowah County Jail, presently or in the future, be dismissed for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915A(b).  (Doc. 32).   The  magistrate judge further recommended the plaintiff's request for injunctive relief be dismissed as moot.  (*Id.*). Finally, the magistrate judge recommended the plaintiff's claims that the defendants violated his First Amendment right to the free exercise of religion be referred to her for further proceedings.  (*Id.*).  The copy of the report and recommendation served on the plaintiff at the address provided by him has been returned by the U.S. Postal Service with

1

the notation "Return to Sender - Refused - Unable to Forward."  (Doc. 33).

A review of the court record establishes that at the commencement of this lawsuit on April 21, 2014, the plaintiff was a civil detainee in ICE custody.  (Doc. 1).  He remained in ICE custody through at least January 29, 2015, when he notified the court he had been transferred to Krome Detention Center in Miami, Florida.  (Doc. 31).  Thereafter, the plaintiff did not file any notice of a change of address in this case or the other three cases he simultaneously pursued in this court.  *See Linares v. Dept of Homeland Security*, No. 14-678 (N.D. Ala. filed April 11, 2014); *Linares v. Etowah County Jail*, No. 14-1364 (N.D. Ala. filed July 16, 2014); *Linares v. Etowah County Jail*, No. 14-2120 (N.D. Ala. filed  October 31, 2014).  In the last-filed case, the magistrate judge entered an order on May 28, 2015, directing the plaintiff to provide a current address and notifying him his case would be dismissed for lack of prosecution if he failed to comply.  *Linares v. Etowah County Jail,* No. 14-2120 at Doc. 7.  That order was returned to the court as undeliverable on June 15, 2015.  *Id.* at Doc. 8.

Finally, the detainee locator available on ICE's website states that a detainee bearing the plaintiff's ICE number and country of origin cannot be found.  *See* https://locator.ice.gov/odls/searchByAlienNumber.do.  Therefore, while the magistrate judge's report and recommendation is well taken, because the plaintiff, a seasoned *pro se* litigant, failed to notify the clerk of his most recent change of address, the court

**ORDERS** that this action is **DISMISSED WITHOUT PREJUDICE** for the plaintiff's

failure to prosecute.  *See* Fed. R. Civ. P. 41(b).

For information regarding the cost of appeal, see the attached notice.

**DONE** this 25th day of June, 2015.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE

3

**United States Court of Appeals**

Eleventh Circuit

56 Forsyth Street, N.W.

Atlanta, Georgia 30303

John Ley                                                              In Replying Give Number
    Clerk                                                              Of Case and Names of Parties

# NOTICE TO PRISONERS CONCERNING CIVIL APPEALS

-----------------------

      The Prison Litigation Reform Act of 1995 (effective April 26, 1996) now **REQUIRES** that <u>all</u> prisoners pay the Court's $500 docket fee plus $5 filing fee (for a total of $505) when appealing any civil judgment.

      If you wish to appeal in a civil case that Act now **requires** that upon filing a notice of appeal you *either*:

    (1)    Pay the total $505 fee to the clerk of the district court from which this case arose; *or*

    (2)    arrange to have a prison official certify to the district court from which the appeal arose the <u>average</u> monthly deposits and balances in your prison account for each of the six months preceding the filing of a notice of appeal.

      If you proceed with option (2) above, the Act requires that the district court order you to pay an *initial partial fee* of at least 20% of the **greater** of either the <u>average</u> monthly deposits or of the <u>average</u> monthly balances shown in your prison account.  The remainder of the total $505 fee will thereafter be deducted from your prison account each month that your account balance exceeds $10.  Each such monthly deduction shall equal 20% of all deposits to your prison account during the previous month, until the total $505 fee is paid. (If your prison account statement shows that you cannot pay even the required *initial partial fee*, your appeal may nevertheless proceed, BUT THE TOTAL $505 FEE WILL BE ASSESSED AGAINST AND WILL BE DEDUCTED FROM FUTURE DEPOSITS TO YOUR PRISON ACCOUNT.)

      Fees are not refundable, regardless of outcome, and deductions from your prison account will continue until the total $505 fee is collected, even if an appeal is unsuccessful.

John Ley
Clerk

PLRA Notice